IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RACHEL HAMPTON; SUSAN**                                                                **PLAINTIFFS**
**HAMPTON; ANTHONY HAMPTON;**
**N.H.,** *a minor, by and through his parents*
*Susan and Anthony Hampton*

**V.**                                                  **CAUSE NO. 3:15-CV-576-CWR-FKB**

**DAVID FROST; JESSE FROST; STATE**                                **DEFENDANTS**
**FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

## ORDER

Before the Court are the plaintiffs' motion to remand, State Farm's motion to sever, David and Jesse Frost's motion to enforce a settlement agreement, and State Farm's motion to strike. Docket Nos. 4, 8, 11, & 18. The motions are sufficiently briefed and the Court is ready to rule.

This case began in state court, where the Hamptons sued the Frosts for injuries sustained in a car accident. The primary dispute was damages. In a Second Amended Complaint, the Hamptons added their insurer, State Farm, as a defendant, bringing breach of contract and bad faith claims against it. State Farm timely removed the case to this Court.

The legal analysis begins, as it must, with jurisdiction. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531 n.1 (5th Cir. 2006). This case would ordinarily be remanded in full for lack of subject matter jurisdiction, since the Hamptons and the Frosts are all in-state residents. 28 U.S.C. § 1332(a).

State Farm, however, contends that the doctrine of fraudulent misjoinder gives this Court jurisdiction over the causes of action brought against State Farm. Its motion to sever asks this Court to split the Hamptons' case in two, remanding their negligence claims against the Frosts to

state court, while retaining their contract and bad faith claims against State Farm. If State Farm is correct, this Court would have subject matter jurisdiction over the latter action because the Hamptons and State Farm are completely diverse and the claim looks to exceed $75,000. *E.g.*, *Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-CV-57-GHD, 2014 WL 6959045, at *4 (N.D. Miss. Dec. 8, 2014).

Fraudulent misjoinder is a relatively new doctrine and its precise application in this circuit remains uncertain. *See* Wright et al., 14B Fed. Prac. & Proc. § 3723 (4th ed. updated April 2015); *In re Benjamin Moore & Co.*, 318 F.3d 626, 631 (5th Cir. 2002); *Crockett*, 436 F.3d at 533. Fortunately, other courts have provided helpful guidance. *See Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp. 2d 499, 523 (S.D. Miss. 2008) (Bramlette, J.) (collecting cases). The undersigned tends to agree with Judge Bramlette (and others) that Mississippi Rule of Civil Procedure 20 should govern whether the defendants were properly joined before removal, that fraudulent misjoinder cases must turn on their own "unique circumstances," and that a "fraudulent joinder-like standard" is a common-sense solution to the present procedural confusion. *Id.* at 517 & 523; *accord Jackson v. Truly*, 307 F. Supp. 2d 818, 824 (N.D. Miss. 2004) (Mills, J.).

Ordinarily, a defendant claiming misjoinder should present its motion to sever to the state court. *See* Wright et al. § 3723 ("In many situations, confusion could be reduced if removing parties would challenge fraudulent joinders and misjoinders in state court, before defendants file a removal notice."). The state court should be afforded an opportunity to apply state law and sever the case before the defendant considers removing the action to federal court. *E.g.*, *Crockett*, 436 F.3d at 533; *Benjamin Moore*, 318 F.3d at 631 ("the state court can consider misjoinder of

2

the plaintiffs on remand"). A defendant who fails to first seek severance from the state court risks remand and its attendant costs.

Nevertheless, in this particular circumstance, remanding for that purpose would be futile. The Mississippi Supreme Court has already held that severance is required where a plaintiff who has sustained injuries in a car accident joins her negligence claims (against the other driver) and her bad faith claims (against the insurance company) in one suit. *Hegwood v. Williamson*, 949 So. 2d 728, 732 (Miss. 2007); *see also Cartwright*, 2014 WL 6959045, at *7 (severing and remanding in part, on identical fact pattern); *Walker v. Scales*, No. 1:13-CV-227-SA-DAS, 2014 WL 670216, at *6 (N.D. Miss. Feb. 20, 2014) (same); *Anderson v. Safeway Ins. Co.*, No. 3:15-CV-54-M-A, 2015 WL 3604276, at *3 (N.D. Miss. June 8, 2015) (same). The Hamptons assert that the question of liability requires the involvement of "the same witnesses, the same testimony, and the same evidence." Docket No. 15, at 3. But, that is not entirely true. The legal and factual issues surrounding the bad faith claim against State Farm will definitely involve different witnesses and evidence. *See Tolbert v. State Farm Mut. Auto. Ins. Co*., No. 3:15-CV-42, 2015 WL 3450524, at *3 (N.D. Miss. May 29, 2015); *Jones v. Darby*, No. 1:14-CV-163-SA-DAS, 2015 WL 4496407, at *4 (N.D. Miss. July 23, 2015). It would be a waste of time and resources to remand today, force State Farm to refile its motion to sever in state court – pursuing it all the way to the Mississippi Supreme Court if necessary, as in *Hegwood* – and then remove the case to this Court upon severance. *See Crockett*, 436 F.3d at 533.

It is true that today's result will result in a modest inefficiency. The Hamptons will have to litigate in two courts, while the Frosts will have to refile their motion to enforce the settlement agreement. Dual-tracked litigation is not uncommon in insurance cases, though. It also is true that today's holding is in some tension with traditional principles of federalism. State courts are

perfectly capable of resolving underlying negligence claims *and* related insurance coverage disputes and torts. But federal jurisdiction need not be overwhelmingly expanded if, where the facts and law permit, state courts would simply grant separate trials under Rule 42(b) without formally severing the claims. *See, e.g.*, *Miller v. Fulton*, 113 F. Supp. 2d 1035, 1037-38 (S.D. Miss. 2000).

For these reasons, the motion to sever is granted. The motion to remand is granted to the extent that the plaintiffs' claims against the Frosts are remanded to state court. The motion to enforce is moot and the motion to strike is denied.

The Clerk of Court shall this day send a certified copy of this Order to the Circuit Court of Rankin County, Mississippi. Within 10 days, the parties remaining in this action should contact the chambers of the Magistrate Judge to schedule a Case Management Conference.

**SO ORDERED**, this the 24th day of September, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE